IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>            Plaintiff,<br>v.<br><br>A.W. GRAHAM LUMBER, LLC,<br><br>            Defendant. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil action against A.W. Graham Lumber, LLC ("Graham Lumber" or "Defendant").

## THE PARTIES

1. PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2. On information and belief, Graham is a Kentucky corporation having an address at 137 Maddox Pike, Flemingsburg, KY 41041.

## JURISDICTION AND VENUE

3. This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq.; and for unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A. Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

4.     The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5.     Graham does business in Massachusetts.

6.     Graham operates a commercial website (http://www.grahamlumber.com/).

7.     Graham's website is accessible from Massachusetts.

8.     Through its website, Graham advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

9.     Graham does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

10.    This Court has personal jurisdiction over Defendant because Defendant: has transacted business in Massachusetts; has contracted to supply products and/or services in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on Graham's website (which can be accessed in Massachusetts) to advertise and sell products.

11.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

12.    PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

13.    Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

14. PIC authored the 31 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

15. Each of the PIC Images is a photograph of a Sylvania product that PIC created.

16. PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

17. All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-325-168; VA 1-325-169; VA 1-359-243; VA 1-880-539; VA 1-884-811; VA 1-916-393; VA 1-916-404; VA 1-916-409; VA 1-916-431; VA 1-916-443; VA 1-916-447; VA 1-916-448; VA 1-916-453; VA 1-916-456; VA 1-917-076; VA 1-917-078; and VA 1-917-100 (attached as Exhibit B).

18. Graham's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

19. Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.), and copyright notice (collectively, "PIC Copyright Management Information"), as shown in the examples below:



20. PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

21. For example, PIC provided to Sylvania the PIC Image entitled "LED20A19.jpg" with PIC Copyright Management Information attached or included therewith, as shown below. This PIC Image was registered with the Copyright Office on October 24, 2013 (Reg. No. VA 1-884-811).



| PIC Image |
|---|
| LED20A19.jpg |

22. Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

23. For example, the same PIC Image as shown in paragraph 21 appears with the PIC Copyright Management Information on a webpage of Sylvania's website captured below. *See* Exhibit C-18.



**Sylvania's Copy of PIC Image with the PIC Copyright Management Information**

24. When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

25. For example, the same PIC Image as shown in paragraph 21 appears with the PIC Copyright Management Information on the webpages of Sylvania distributors shown below. *See* Exhibit D-8.

**Sylvania Distributors' Copies of PIC Image with the PIC Copyright Management Information**



## GRAHAM'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES

26. At least 32 webpages from Graham's website, www.grahamlumber.com (see Exhibit E), displayed a partial or whole copy of one of the PIC Images ("Accused Images").

27. Each of the captured webpages in Exhibit E is owned and operated by Graham.

28. Each of the captured webpages in Exhibit E include an Accused Image.

29. On information and belief, Graham received or acquired the Accused Images from Orgill, Inc. ("Orgill").

30. On information and belief, Graham provided and/or provides valuable consideration such as a fee to Orgill for copies of the Accused Images.

31. Each of the captured Graham webpages in Exhibit E include an Accused Image without the PIC Copyright Management Information.

32. For example, in the table below, the same PIC Image as shown in paragraph 21 is shown on the top left. The image on the top right, without the PIC Copyright Management Information, appears on a webpage of Graham's website pictured in the second row.

| PIC Image | Accused Image (Graham's Infringing Copy) |
|---|---|
|  LED20A19.jpg | |



http://www.grahamlumber.com/BULB_LED_A21_DIMM_FRO_MED_20W_p/0309971.htm

33. Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes distributes PIC Images with the PIC Copyright Management Information, Graham nevertheless displays PIC Images on Graham's website without the PIC Copyright Management Information.

34. On information and belief, Graham removed PIC Copyright Management Information from at least some of the PIC Images.

35. On information and belief, Graham otherwise altered copies of the PIC Images. The PIC images were altered using image editing software, such as "Adobe Photoshop." PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Graham's removal of other products from the PIC Images or other attempts to change the PIC Images. Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Graham to remove them.

36. PIC did not provide any PIC Images to Orgill.

37. PIC did not provide the Accused Images to Orgill.

38. PIC did not provide any PIC Images to Graham.

39. PIC did not provide the Accused Images to Graham.

40. PIC never authorized Graham to use the Accused Images.

41. Sylvania never authorized Graham to use Accused Images.

42. Neither Sylvania nor Orgill authorized Graham to use the Accused Images without the PIC Copyright Management Information.

43. Sylvania never authorized Orgill to provide the Accused Images in exchange for valuable consideration such as a fee.

44. Sylvania never authorized Graham to use the Accused Images in exchange for valuable consideration such as a fee.

45. Graham has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

46. Graham has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

47. Graham has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so in exchange for valuable consideration such as a fee or to do so without the PIC Copyright Management Information.

## DAMAGE TO PIC'S BUSINESS AND REPUTATION

48. PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

49. For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services. Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

50. PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

51.     PIC is not affiliated with Graham and has not approved Graham's use of or alterations to PIC Images.

52.     By removing the PIC Marks and Copyright Management Information from the PIC Images, Graham has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

53.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

54.     Graham has infringed PIC's copyrights in the PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

55.     Graham's infringement has been knowing and willful.

56.     Graham's infringement has damaged PIC in an amount to be proven at trial.

57.     Unless stopped by an injunction, Graham will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

58.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

59.     On information and belief, Graham intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright

Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

60. On information and belief, Graham's violations of 17 U.S.C. § 1202 have been knowing and willful.

61. Graham's violations of 17 U.S.C. § 1202 have damaged PIC in an amount to be proven at trial.

62. Unless stopped by an injunction, Graham's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

63. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

64. Graham is, and at all relevant times has been, engaged in commerce.

65. Graham's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

66. Graham's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

67. Graham's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

68. Graham's acts and/or omissions as described above were knowing and willful.

69. Graham's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

70. Unless stopped by an injunction, Graham's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A. Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B. Enter judgment that Graham has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C. Permanently enjoin Graham, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D. Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Graham in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E. Direct Graham to pay to PIC its actual damages and any additional profits realized by Graham, pursuant to 17 U.S.C. § 504.

F. Order that, in the alternative to actual copyright damages, at PIC's election, Graham shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G. Enter judgment that Graham has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H.	Permanently enjoin Graham, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I.	Order the impounding of all devices or products in the custody or control of Graham that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J.	Direct Graham to pay to PIC its actual damages and any additional profits realized by Graham, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K.	Order that, in the alternative to actual damages, at PIC's election, Graham shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L.	Enter judgment that Graham has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. Ch. 93A.

M.	Direct Graham to pay to PIC its damages sustained as a result of Graham's unfair and deceptive trade practices.

N.	Permanently enjoin Graham, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. Ch. 93A.

O.	Enter judgment that Graham's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P.	Enter judgment that Graham's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q. Order Graham to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R. Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S. Award PIC treble damages pursuant to Mass. Gen. L. Ch. 93A or other applicable law.

T. Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.

> Respectfully submitted,
>
> PHOTOGRAPHIC ILLUSTRATORS CORPORATION,
>
> By its counsel,

Dated: October 9, 2015

*/s/ Michael N. Rader*
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Turhan F. Sarwar, BBO # 686764
tsarwar@wolfgreenfield.com
Joshua J. Miller, BBO # 685101
jmiller@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646